IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NOEL P. MILLER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____) | No. 2:11-cv-03026-DCN<br><br>**ORDER** |

This matter is before the court on a motion to dismiss for lack of subject matter jurisdiction brought by the United States ("the government"). For the reasons set forth below, the government's motion is granted in part and denied in part.

## I.  BACKGROUND

On November 7, 2011, plaintiff Noel Miller filed a Federal Tort Claims Act ("FTCA") complaint against the United States. The complaint alleges that surgeons employed by the Ralph H. Johnson VA Medical Center ("the VA") negligently performed two spinal surgeries on Miller in April and June 2007. Compl. ¶¶ 14-17, 23-24. Miller alleges that the neurosurgeons who performed these spinal surgeries – Dr. Abhay Varma and Dr. Tonya Quinn[1] – departed from the prevailing standards of care and caused Miller "to undergo additional surgeries, pain and suffering, mental anguish, . . . disability, and other non-economic damages."[2] Compl. ¶¶ 24-25. Miller alleges that

---

[1] At the time of Miller's surgeries, Dr. Tonya Quinn was known as Dr. Tonya Jones. At the hearing on this motion, the government represented that this physician has since married, and now uses the last name Quinn. Hr'g Tr. 3:5-10, Dec. 6, 2012. Based on that representation, the court will refer to her as Dr. Quinn.
[2] Miller's complaint also alleges that vascular surgeons Dr. James P. Stokes and Dr. Jacob G. Robison acted negligently during the course of Miller's two surgeries. Compl. ¶¶ 16-17, 20. However, at the hearing, Miller's counsel admitted that Drs. Stokes and Robison had not acted

1

these two surgeons are federal employees. Compl. ¶¶ 7-10. Miller sued the United States, alleging that the government is liable under the FTCA for the surgeons' negligent acts. Compl. ¶ 2.

The government filed its motion to dismiss the complaint on October 2, 2012. The parties have fully briefed the motion and a hearing was held before this court on December 6, 2012.

## II.   STANDARDS

Under Federal Rule of Civil Procedure 12(h)(3), a court must dismiss a civil action if it determines "at any time that it lacks subject-matter jurisdiction." The question of subject matter jurisdiction may be raised at any time during the course of the lawsuit. Arbaugh v. Y&H Corp., 56 U.S. 500, 514 (2006). "Motions brought pursuant to Rule 12(h)(3) are subject to the same standards as motions to dismiss for want of subject matter jurisdiction brought pursuant to Rule 12(b)(1)." Perrodin v. United States, 350 F. Supp. 2d 706, 708 n.1 (D.S.C. 2004) (citing Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 880 n.3 (3d Cir. 1992); Brotman v. United States, 111 F. Supp. 2d 418, 420 n.1 (S.D.N.Y. 2000)).

When considering a motion to dismiss on the basis of lack of subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Trentacosta v. Frontier

---

negligently and that Miller needed to remove those surgeons' names from his complaint. Hr'g Tr. 6:1-13. Because the parties agree that Drs. Stokes and Robison committed no wrongdoing, this order addresses the government's motion to dismiss only as it relates to the actions of Drs. Varma and Quinn.

Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987)). "The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Boyd v. Angelica Textile Services, Inc., No. 10-cv-0872, 2011 WL 4368550, at *1 (D.S.C. Sept. 19, 2011) (internal citations omitted), aff'd, 466 F. App'x 288 (4th Cir. 2012), cert. denied, 133 S. Ct. 437 (2012).

### III. DISCUSSION

The government argues that Miller's complaint must be dismissed because the attending surgeon who performed Miller's surgeries is an independent contractor for the VA. The government asserts that it cannot be held liable under the FTCA for the actions of independent contractors.

Through the FTCA, the United States waives its sovereign immunity in limited situations. In relevant part, the FTCA states that the government assumes liability for personal injuries caused by

> The negligent or wrongful act or omission of *any employee of the Government* while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346 (emphasis added). The term "employee of the Government" includes the officers or employees of any federal agency, such as the Veterans Affairs Administration. 28 U.S.C. § 2671. However, the term "federal agency" does not include any contractor with the United States. Id. The Fourth Circuit has held that this statutory language means that "Congress has not waived the sovereign immunity of the United States for injuries resulting from the actions of independent contractors performing work

for the government." Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996) (citing United States v. Orleans, 25 U.S. 807, 814 (1976)).

"The FTCA, as a waiver of sovereign immunity, is strictly construed, and all ambiguities are resolved in favor of the sovereign. Accordingly, the independent contractor exception to the waiver of sovereign immunity has been construed broadly." Id. at 887 (internal citations omitted). Circuit courts "have consistently held that physicians . . . associated with an organization under contract to provide medical services to facilities operated by the federal government are independent contractors, and not employees of the government for FTCA purposes." Id. at 890.

As a result, the focus of the court's inquiry is whether Drs. Varma and Quinn are federal employees or independent contractors.

### A. Dr. Varma

The government argues that Miller's complaint should be dismissed because Dr. Varma, the attending surgeon who directed Miller's surgeries, is an independent contractor for the VA, not an employee. Miller responds that the government should be estopped from availing itself of the independent contractor defense because the government failed to properly notify Miller that Dr. Varma is an independent contractor. Miller suggests that the VA had a duty to advise Miller that he had sued the improper party by suing the VA for Dr. Varma's alleged negligence.

#### 1. Dr. Varma is not a federal employee.

When determining whether a contract physician working for the government is an independent contractor or an employee, courts in the Fourth Circuit look to whether the government exercises "control over the primary activity contracted for and not the

4

peripheral, administrative acts relating to such activity." Wood v. Standard Prods. Co., 671 F.2d 825, 832 (4th Cir. 1982).  Courts look to a variety of factors when applying the Fourth Circuit's "control" test.  These factors include, among others:  (1) whether the government exercises control over the physician's medical judgment; (2) whether the physician under contract was referred to as a "contract physician"; (3) general statements concerning the manner and quality of service required under the contract; and (4) the nature of the compensation to the physician, including method (fee schedule) and rates (similar to the physician's usual fees).  Robb, 80 F.3d at 889 (citing Wood, 671 F.2d at 830).

In his deposition, Dr. Varma, the VA hospital's chief of neurosurgery, testified that he is an employee of the Medical University of South Carolina ("MUSC") who works part-time as an independent contractor for the VA hospital.  Def.'s Mem. in Support of Mot. to Dismiss Exh. 1, at 4-5.  Attached to the government's motion to dismiss is the contract by which MUSC agreed to provide neurosurgery services to the VA hospital.  Id. Exh. 2.  This contract states, "The parties agree that such personnel shall not be considered VA employees for any purpose and shall be considered employees of the Contractor."  Id. at 25.  MUSC, and not the VA, is responsible for paying Dr. Varma for the services he renders to the VA.  Id.  MUSC seeks reimbursement from the VA on a monthly basis for its contract physicians' services.  Id. at 27.  Furthermore, the government "retains no control over professional aspects of the services rendered, including by example, the Contractor's or its health-care providers' professional medical judgment, diagnosis, or specific medical treatments."  Id. at 22.

Taking into account the terms of the agreement between MUSC and the VA, as well as Dr. Varma's testimony, it is clear that Dr. Varma is an independent contractor for the VA, and not a federal employee.

### 2. Equitable estoppel is inappropriate in this case.

Miller now admits, as he must, that Dr. Varma is an MUSC employee who works "on a contract" for the VA hospital. Pl.'s Resp. to Mot. to Dismiss 1. In support of his argument that the government should nevertheless be held liable under the FTCA because the VA hospital did not timely inform him that Dr. Varma was not a federal employee, Miller cites to a document distributed by the United States Department of Veterans Affairs. Dep't of Veterans Affairs, VA 10-88-P91985, Patient and Nursing Home Resident Rights and Responsibilities (Sept. 2006) ("the Patient Rights document"). The Patient Rights document states that VA patients "will be given, in writing, the name and title of the provider in charge of your care. . . . You also have the right to know the names and titles of those who provide you care." Id. § III. The Patient Rights document also informs VA patients that they "are encouraged and expected to seek help from your treatment team or a patient advocate if you have problems or complaints. You will be given understandable information about the complaint process." Id. § IV.

Contrary to Miller's argument, the Patient Rights document neither requires VA personnel to explain the employment status of its physicians nor requires that VA attorneys counsel patients with malpractice claims on how they can best pursue their legal claims. Before his surgery, Miller knew Dr. Varma's name and that he was the chair of the department of neurosurgery at the VA, which is what the Patient Rights document requires. See, e.g., Hr'g Tr. 5:9-14. A pledge to provide understandable

information about the complaint process simply does not impose on VA personnel the duty to explain the employment status of its surgical staff.

Furthermore, "[e]quitable estoppel against the government is strongly disfavored, if not outright disallowed, because it allows parties to collect public funds in a situation not expressly authorized by Congress." Volvo Trucks of N. Am., Inc. v. United States, 367 F.3d 204, 211 (4th Cir. 2004). "The Supreme Court has consistently denied efforts by litigants to estop the government from raising defenses based on claimants' failures to comply with governmental procedures due to misinformation from government agents." Dawkins v. Witt, 318 F.3d 606, 611 (4th Cir. 2003) (citing Office of Personnel Mgmt. v. Richmond, 496 U.S. 414, 434 (1990)). A plaintiff seeking equitable estoppel against the government must show affirmative misconduct by the government in addition to the four traditional requirements of estoppel:

> (1) the party to be estopped knew the true facts; (2) the party to be estopped intended for his conduct to be acted upon or acted in such a way that the party asserting estoppel had a right to believe that it was intended; (3) the party claiming estoppel was ignorant of the true facts; and (4) the misconduct was relied upon to the detriment of the parties seeking estoppel.

Id. at 611-12, 612 n.6 (internal citations omitted).

Miller's complaint fails to allege any actions by VA personnel that would merit the application of equitable estoppel against the government. Miller's response to the motion to dismiss states that VA personnel never informed him that Dr. Varma is not a federal employee.[3] Pl.'s Resp. to Mot. to Dismiss 3. Even if this assertion was a fact

---

[3] Miller states that he did not learn that Dr. Varma was not a federal employee until the government filed its answer in this case on January 23, 2012. Because Miller's surgeries took place in 2007, his claims are now well outside the three-year South Carolina statute of limitations period for most medical malpractice claims, and the state's two-year statute of limitations for

that the court could consider on a motion to dismiss, it does not amount to affirmative misconduct that would necessitate estoppel. See Linkous v. United States, 142 F.3d 271, 277 (5th Cir. 1998) (refusing to equitably estop the government from denying a contractor physician's status as a government employee); Lurch v. United States, 719 F.2d 333, 341-42 (10th Cir. 1983) (same); Grace v. United States, 754 F. Supp. 2d 585, 598 (W.D.N.Y. 2010) (same); Kramer v. United States, 843 F. Supp. 1066, 1073-74 (E.D. Va. 1994) ("Even if plaintiff were barred from bringing her claims in state court, however, this would not be grounds for asserting estoppel against the government.").

Dr. Varma is not a federal employee. Rather, he is an independent contractor for the VA. As such, the government cannot be liable under the FTCA for Dr. Varma's performance during Miller's surgeries. Miller has not shown that the government should be estopped from asserting its independent contractor defense. The government's motion to dismiss will be granted to the portions of the complaint that relate to Dr. Varma.

### B.  Dr. Quinn

The government contends that it cannot be liable for Dr. Quinn's actions because: (1) she played only a minimal part, if any, in Miller's surgeries; and (2) any actions she performed during the surgeries were at the direction of Dr. Varma, who is ***not*** a federal employee. Hr'g Tr. 3:13- 4:6, 9:2-10:7. The government essentially argues that the only person for whose actions the government could be liable is Dr. Varma, and he cannot be liable because he is an independent contractor. Hr'g Tr. 11:6-10, 11: 23-24.

The government's arguments are unavailing on this 12(h)(3) motion. Dr. Quinn participated to some extent in both of Miller's surgeries as a neurosurgical resident. First,

---

negligent placement of apparatus by a surgical professional. See S.C. Code Ann. § 15-3-545 (2012).

the government admits that all medical and surgical residents who work at the VA are considered federal employees for the duration of their time in the hospital. Hr'g Tr. 3:1-5. Second, the complaint alleges that Dr. Quinn, while acting within the scope of her federal employment, was negligent and breached the standard of care in her treatment of Miller. Compl. ¶ 20. Specifically, the complaint states that Dr. Quinn breached the standard of care by "failing to take proper care intraoperatively to assure proper construct and alignment which resulted in a collapsed vertebra . . . [and/or] failing to properly and safely place hardware . . . ." Compl. ¶ 24.a-b. These allegations, coupled with Quinn's undisputed status as a federal employee, are sufficient to form the basis of an FTCA claim.

The questions presented to the court at this time are not whether Dr. Quinn acted negligently during Miller's surgeries, or whether she acted only at the behest of Dr. Varma. Rather, the question is whether the court has subject matter jurisdiction over any of the claims contained in Miller's complaint. Because Dr. Quinn was a federal employee when she assisted in Miller's surgeries, the FTCA gives the court subject matter jurisdiction over any of Miller's claims that arise from Dr. Quinn's actions or inaction.

The government's motion to dismiss will be denied as to the portions of the complaint that relate to Dr. Quinn.

## IV.   CONCLUSION

For the foregoing reasons, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED IN PART** and **DENIED IN PART**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 21, 2012**
**Charleston, South Carolina**